UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ULYSSES PERSILVER,<br><br>                      Plaintiff,<br><br>   v.<br><br>MERCHANTS CREDIT CORPORATION,<br><br>                      Defendant. | CASE NO. 2:19-cv-01922-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Defendant Merchants Credit Corporation ("Merchants")'s motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 4. Plaintiff Ulysses Persilver brought this action alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. For the reasons set forth below, it is recommended that the motion be granted.

## DISCUSSION

A.    <u>Standard of Review</u>

In a Rule 12(b)(6) motion to dismiss, the burden falls on the defendant to prove that the complaint fails to state a claim upon which relief can be granted. All factual uncertainties in the complaint must be construed in the light most favorable to the plaintiff. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir.1996). The Court will dismiss only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.

*Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.1998). However, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

As a preliminary matter, Merchants asks the Court to take judicial notice of prior proceedings in King County District Court. See Dkt. 4-1, Exs. 1-5. Plaintiff admits the facts as stated in Merchants' motion and admits authenticity of the documents attached thereto. Dkt. 8 at 1 (citing Dkt. 4 at 2).

In a motion to dismiss, courts consider "the complaint in its entirety, as well as other sources courts ordinarily examine ..., in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007). Courts may take judicial notice of adjudicative facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including "'proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'" *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir.2002) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir.1992)).

Because the state court proceedings have a clear and direct relation to the matters at issue, the Court takes judicial notice of them.

B.   <u>Plaintiff's Allegations</u>

Plaintiff alleges that by filing a lawsuit against him "for separate debts incurred by his wife before marriage," Merchants violated Section 1692e(2)(A) of the FDCPA, by "falsely

REPORT AND RECOMMENDATION - 2

representing the amount, character, or legal status of any debt." Dkt. 1, p. 2. Merchants provides the following additional background facts, which Plaintiff does not dispute, and which are contained in the state court proceedings.

Merchants was assigned a claim for collection by Virginia Mason Clinic in the amount of $2,420.95 against Teresa Jean Smith, and a second account from Virginia Mason Hospital in the amount of $1,021.59. After demands for payment were unmet, Merchants filed a complaint on December 12, 2018 in King County District Court, South Division, Burien Courthouse. Dkt. 4 at 2. The complaint named as defendants, "Teresa Jean Smith and John Doe Smith, and the marital community composed thereof." Dkt. 4-2 at 3. The complaint did not name Ulysses Persilver as a defendant. The complaint alleged that defendants "were and are married and the obligation hereafter pleaded is the community and separate obligation of each." *Id.*

Defendant Teresa Jean Smith was served with Merchants' lawsuit on January 5, 2019 and filed a pro se answer on or about January 22, 2019. Dkt. 4-2, Ex. 2-3.

On April 2, 2019, Merchants noted its motion for summary judgment on the District Court's motion docket. Dkt. 4-2, Ex. 4. Teresa Jean Smith appeared at the hearing and advised the Court that she was not married at the time the debts were incurred. On June 26, 2019, the District Court entered judgment in favor of Merchants and against Teresa Jean Smith. *Id.*, Ex. 5. At the bottom of the judgment, the District Court Judge wrote "John Doe Smith is hereby dismissed, with prejudice, based upon proof of marriage provided." *Id.*

C.  Analysis

Plaintiff does not allege that Merchants made any false, misleading or deceptive representations as to the amounts incurred and owed and in fact, Plaintiff acknowledges that Merchant was entitled to recover those amounts. Rather, the sole allegation is that by including

REPORT AND RECOMMENDATION - 3

"John Doe Smith" as a defendant, Merchants falsely accused him of owing the debt owed solely by his wife, in violation of Section 1692e(2)(A) of the FDCPA.

Section 1692e prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2) prohibits "[t]he false representation of ... the character, amount, or legal status of any debt." To determine whether conduct violates § 1692e requires an objective analysis that takes into account whether "the least sophisticated debtor would likely be misled by a communication." *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir.2007) (internal quotation marks omitted).

Plaintiff fails to allege any facts in support of the use of "unfair or unconscionable means to collect or attempt to collect any debt." Instead, Plaintiff's complaint is based solely on the filing of the lawsuit which names him as part of the marital community. Plaintiff relies on an unreported district court case from the District of New Jersey for the proposition that, when a debt collector falsely accuses a consumer of owing a debt owed only by that consumer's spouse, the debt collector violates the FDCPA § 1692e(2)(A). *See*, *e.g.*, *Hochberg v. Lenox, Socey, Formidoni, Giordano, Cooley, Lang & Case*, P.C., 2017 WL 1102637, pp. 1-4 (D.NJ, 2017). However, unlike in *Hochberg*, there is nothing in the lawsuit filed by Merchants to suggest that Ulysses Persilver (whether Merchants had included him by name or as a "John Doe"), was directly liable for the debt rather than indirectly by virtue of his marriage. Here, the collection lawsuit was clearly brought against Teresa Jean Smith as the individual who incurred the debt and against her unidentified spouse, as a partner in a marital community.

The filing of a lawsuit alone is neither unfair nor unconscionable. Indeed, a non-frivolous lawsuit seems to be one of the most fair means of collecting a debt. *See Medialdea v. Law Office*

REPORT AND RECOMMENDATION - 4

*of Evan L. Loeffler LLC*, 2009 WL 1767185 (W.D.Wash. 2009). However, the filing of "a lawsuit to which there appears to exist a complete defense, without first making a reasonable inquiry as to whether the defense is in fact not complete," may be a violation of § 1692f. *See Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D.Ala.1987) (finding the defendant violated § 1692f where the suit was barred by the statute of limitations and the attorney failed to make a reasonable inquiry that the limitations period was to be tolled). In this case, Plaintiff argues that Merchants should have inspected the marriage records before naming him as a defendant.

However, whether a certain debt is a community obligation is a fact-specific determination for a court to make. The FDCPA cannot be read to prohibit a debt collector from naming the members of a marital community as joint defendants in a collection action. *See Harper v. Collection Bureau of Walla Walla, Inc.*, 2007 WL 4287293 (W.D.Wash. 2007) (where wife was separated from husband at the time and had no knowledge of the debts). Presumably at the time Merchants brought the lawsuit, Plaintiff was married to Teresa Jean Smith. If Teresa Jean Smith felt the debt at issue should not be considered a community obligation, she could have brought a motion in the district court seeking an order to that effect and in fact, she did just that when she advised the King County District Court that she was not married when she incurred the debt.

Accordingly, the undersigned recommends that the Court **GRANT** Merchants' motion to dismiss (Dkt. 4) Plaintiff's claim that the FDCPA was violated by naming "John Doe Smith, and the marital community composed" in the action. As this is Plaintiff's only claim, it is recommended that the complaint be **DISMISSED with prejudice**.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **February 21, 2020.** The Clerk should note the matter for **February 24, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed six (6) pages. The failure to timely object may affect the right to appeal.

DATED this 31st day of January, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge