**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

|  |  |
|---|---|
| ULYSSES PERSILVER, <br><br> Plaintiff, <br><br> vs. <br><br> MERCHANTS CREDIT CORPORATION, <br><br> Defendant. | Case No.: 2:19-cv-01922-RAJ-BAT <br><br> **PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION DATED JANUARY 31, 2020** <br><br> **NOTE ON MOTION CALENDAR: March 6, 2020** |

First, the FDCPA statute clearly prohibits any false statement that a debt is owed, where such debt is not owed.  15 USC 1692e(2)(A).  This is the very heart of the FDCPA.  Of all the many subsections of the FDCPA, this is probably the least controversial.  Don't accuse people of owing a debt unless they actually owe it.  It is established here that the debt is not owed by Plaintiff and that the lawsuit against Teresa Jean Smith and her spouse (Mr. Persilver) stated that it was owed by both parties.  That is enough to establish that Defendant committed a *prima facie* violation of the FDCPA.  The only legitimate question is whether Defendant has a *bona fide* error defense.

Objection to Report and
Recommendation
Case No. 2:19-cv-01922-RAJ-
BAT

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

1

The Report and Recommendation here, however, carves out multiple novel exceptions to 15 USC 1692e(2)(A) that are certainly not justified by any reasonable interpretation of the FDCPA statue and which, to Plaintiff's knowledge, are not endorsed by the opinion of any other Court.

The first novel innovation is the Report's insistence that 15 USC 1692e(2)(A) only applies to misrepresentations about debts if the debt is alleged to be "directly" owed by the Plaintiff who claims that 15 USC 1692e(2)(A) was violated. Document 14, p.3 ("Plaintiff does not allege that Merchants made any false, misleading or deceptive representations as to the amounts incurred and owed and in fact, Plaintiff acknowledges that Merchant was entitled to recover those amounts…"). There is no basis for this position.  Defendant's Complaint at issue falsely alleges that Plaintiff owes a debt he does not owe.  The fact that Plaintiff was not alleged to have directly incurred the debt does not change that fact.  There is no support, either in the statute or in existing precedent, for an exception to 15 USC 1692e(2)(A) for false statements about the amount, character, or legal status of debts that are falsely alleged to be owed indirectly through a spousal liability or family support statute, as opposed to those alleged to be owed directly.  It is simply false that Plaintiff has not alleged a "false statement of an amount owed."  Plaintiff alleges in his Complaint that Defendant falsely stated that he, as the current spouse of Teresa Jean Smith, falsely owed the debt, and that is what the Complaint in question does: it accuses Teresa Jean Smith's current husband, Plaintiff, of owing a debt he does not owe.  (See Dkt. #1, page 2, and Dkt. #4-2, pp. 3-5).

There is at least one other way to interpret the Report's statement that "Plaintiff does not allege that Merchants made any false, misleading or deceptive representations," which is to conclude that, in the Court's opinion, the Complaint's statement that Defendant violated 15 USC 1692e(2)(e) by filing a lawsuit against Defendant for "separate debts incurred by his wife before marriage," is distinguishable from a claim that Defendant made a false statement about the

Objection to Report and
Recommendation
Case No. 2:19-cv-01922-RAJ-
BAT

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

2

"amount, character, or legal status" of any debt.  To the extent the Report draws a distinction between a claim that alleges that a debt collector falsely "filed a lawsuit against a debtor for a debt" and a claim that alleges that a collector made a "false statement about the amount of a debt," such distinction is also wholly without support and frivolous.  A lawsuit filed and served on a party which alleges that that party owes a debt they do not owe is clearly tantamount to a false representation that that party owes a debt.  If this frivolous distinction is the actual basis for the Report's finding that a claim was not stated, then Plaintiff would appreciate a clearer statement of the law on this point.  Furthermore, if this frivolous distinction is the reason why Defendant's Motion was granted, then the Report should not have recommended that the case be dismissed with prejudice, but instead without prejudice to allow for the filing of an Amended Complaint that states more clearly that Plaintiff does in fact allege that Defendant made a "false statement of the amount, character or legal status" of a debt with respect to Plaintiff.

The second novel innovation in the Report, and the one that the decision appears to be primarily be based upon, is the Report's holding that "The FDCPA cannot be read to prohibit a debt collector from naming the members of a marital community as joint defendants in a collection action." (Document 14, p. 5).  There is no support in the statute or in any previous court's decision for this broad statement.  The one opinion that is cited for support on this point does not support this position; in fact, a proper and thorough reading of the opinion can only be interpreted as setting out an exception to the general rule that such misrepresentations are actionable.  *Harper v. Collection Bureau of Walla Walla, Inc.*, 2007 WL 4287293, pp. 9-10 (W.D.Wash. 2007).  In *Harper,* a spouse (Mrs. Harper) who had been sued for a debt but had not incurred the debt directly sued a debt collector for a violation of 15 USC 1692e(2)(A).  *Id.*  However, the debt in question was admitted to have been incurred **during marriage**, and so normally would have been owed by

Objection to Report and
Recommendation
Case No. 2:19-cv-01922-RAJ-
BAT

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

3

her under Washington law.  *Id.*  Mrs. Harper argued that nevertheless she did not owe the debt under Washinton Law because they were physically separated at the time the debt was incurred. *Id.*  Of course, it is impossible for a debt collector to obtain reliable data about whether parties physically lived together at the time a debt was incurred before filing a Complaint, and for this reason the Court correctly held that debt collectors are justified in assuming that debts incurred during marriage are in fact owed by the spouse and alleging that in a Complaint, but only where they are not aware of any actual evidence that would make the spouse not liable.  *Id.*  Its holding included the words quoted by the Report, but the Report cut the opinion off mid-sentence.  The full statement by the *Harper* Court was (emphasis added to the portions omitted by the Report): "The FDCPA cannot be read to prohibit a debt collector from naming the members of a marital community as joint defendants in a collection action **simply because one member of that community has told the collector they are no longer living with their spouse, but refuses to provide any evidence of this fact**."  When the omitted portions of the sentence are added, it becomes clear that the *Harper* holding is inapposite here because it applied to a very specific situation in which the debt collector was entirely justified in concluding that the debt was likely owed by the spouse, because the debt was incurred during marriage and they were not aware of any actual evidence that would support an exception to that rule.  Here, in stark contrast, Defendant knew when the debt was incurred and had access to public records that would establish whether the parties were married at that time, and a reasonable inquiry would have revealed that the debt was incurred prior to marriage to Plaintiff's current spouse, and that therefore there was no possibility that Mr. Persilver, the current spouse, owed the debt.  It does not require a "fact-specific inquiry by a Court" to determine whether an individual who was not married to the alleged debtor at the time the debt was incurred and did not incur the debt himself is a proper co-obligor on a

Objection to Report and
Recommendation
Case No. 2:19-cv-01922-RAJ-
BAT

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

4

debt, and neither is it unduly onerous to require an attorney to check marriage records and evidence of when the debt was incurred before filing a lawsuit alleging spousal liability.

It is clear from the above that the holdings of the Report are completely unsupported by statutory interpretation or any case law interpreting the statute, and that should be enough to refuse to accept the Report's findings and recommendation.   That said, the practical effects of upholding the Report deserve judicial notice as well.  It should not require citation to specific reference materials to prove to the Court that a large percentage of consumer debt cases end in default judgments.  In case it does, Plaintiff has included the executive summary to a report by the National Center for State Courts entitled "Civil Justice Initiative: The Landscape of Civil Litigation in State Courts," which states that "Most cases" are disposed through an administrative process, and that of these, 46% result in a judgment, "most of which were likely default judgments."  (See Exhibit "A," p. 3). The complete document, as prepared by the National Center for State Courts, is available at https://www.ncsc.org/~/media/Files/PDF/Research/CivilJusticeReport-2015.ashx.

The Report's ruling, if upheld, will give debt collectors license to name spouses as liable parties for every debt, even where it should be blatantly obvious that such debts could not possibly be owed by the current spouse, and a significant percentage of these will result in default judgments against those spouses.  Of course, attorneys like Mr. Woehler are subject to Rule 11-type sanctions for making frivolous claims and such debtors have the option of filing Motions for Default, but the Court is well aware that poor debtors cannot effectively take advantage of those avenues because they cannot afford to pay an attorney to represent them and attempting to navigate the judicial system themselves is difficult at best for a non-attorney.  The FDCPA is practically the only way for poor debtors to obtain justice for being wrongfully sued and obtain attorneys' fees from the parties who have wronged them, and where a straightforward and easy inquiry could

Objection to Report and
Recommendation
Case No. 2:19-cv-01922-RAJ-
BAT

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

5

avoid such wrongful suits against non-debtor spouses from happening, and where the FDCPA clearly prohibits false claims made in lawsuits that the non-debtor spouse owes the debt, it is deeply unjust to prevent consumers from utilizing the FDCPA as a tool to help undo the damage caused by negligent or lazy collection attorneys who have wrongfully sued them for debts they do not owe.

Dated this 21st day of February 2020

By:____s/Joshua Trigsted_____
Joshua Trigsted, WSBA#42917
Attorney for Plaintiff

Objection to Report and
Recommendation
Case No. 2:19-cv-01922-RAJ-
BAT

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1