UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ULYSSES PERSILVER,<br><br>    Plaintiff,<br><br>  v.<br><br>MERCHANTS CREDIT CORPORATION,<br><br>    Defendant. | CASE NO. 2:19-cv-01922-RAJ<br><br>**ORDER** |

## I.     INTRODUCTION

This matter is before the Court on Plaintiff's Objections (Dkt. # 12) to the Honorable Brian A. Tsuchida's Report and Recommendation ("R&R") (Dkt. # 11). The R&R recommends that the Court dismiss Plaintiff's complaint with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Court has considered Plaintiff's objections, the parties' briefing, and relevant record. For the reasons stated below, the Court **DECLINES** to adopt the Report and Recommendation and **DENIES** the motion to dismiss.

## II.     BACKGROUND

Plaintiff Ulysses Persilver ("Plaintiff" or "Mr. Persilver"), a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(3), filed this action alleging that Defendant Merchants Credit Corporation ("Defendant"), a "debt collector" as defined by § 1692(a)(6), violated the FDCPA in attempting to collect

ORDER - 1

a debt from Plaintiff.  Dkt. # 1 at 2.  Specifically, Plaintiff alleges that Defendant "falsely represent[ed] the amount, character, or legal status of any debt, including filing a lawsuit against Plaintiff for separate debts incurred by his wife before marriage" in violation of 15 U.S.C. § 1692e(2)(A).  *Id.*  Defendant filed a Rule 12(b)(6) Motion to Dismiss the Complaint for failure to state a claim, alleging that Plaintiff's claim is "baseless" because Defendant "has never filed suit against [Plaintiff] Persilver."  Dkt. # 4 at 2.

Although the facts of the debt due are not disputed, the facts related to the individual responsible are critical to the analysis and are therefore reviewed here.  The debt at issue was incurred by Teresa Jean Smith ("the debtor") for medical bills from Virginia Mason Clinic in the amount of $2,420.95 and Virginia Mason Hospital in the amount of $1,021.59.  Dkt. # 4 at 2.  Teresa Jean Smith was not married to Plaintiff Ulysses Persilver at the time these debts were incurred.  *Id.* at 3.

After Teresa Jean Smith failed to pay the amounts owed, Defendant was assigned to collect these claims.  *Id.* at 2.  On December 10, 2018, Defendant commenced a lawsuit in King County District Court after efforts to collect the claims were unsuccessful.  *Id.*  The lawsuit was filed against "Teresa Jean Smith and John Doe Smith, and the marital community composed thereof."  Dkt. # 4-2 at 1.  In its complaint, Defendant stated that "[d]uring all material times defendants [Teresa Jean Smith and John Doe Smith] were and are married and the obligation hereafter pleaded is the community and separate obligation of each."  *Id.* at 3.  On January 5, 2019 Defendant served Teresa Jean Smith and John Doe Smith with two copies of the complaint at their home.  Dkt. # 4-3 at 1.

On April 2, 2019, Defendant filed a motion for summary judgment in King County District Court, seeking recovery of money due by Defendants Teresa Jean Smith and John Doe Smith.  Dkt. # 4-5 at 3.  Although Teresa Jean Smith did not respond to the motion, she appeared at the hearing and informed the court that she was not married at the time she incurred the debts.  Dkt. # 4 at 3.  On June 26, 2019, the court granted

ORDER - 2

judgment for Defendant and dismissed Plaintiff with prejudice "based on proof of marriage provided." Dkt. # 4-6 at 2.

### III.  DISCUSSION

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires a court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In a motion to dismiss, courts consider "the complaint in its entirety, as well as other sources courts ordinarily examine ..., in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007). Courts may take judicial notice of adjudicative facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including "'proceedings in other courts, both within and without the federal judicial system, if

ORDER - 3

those proceedings have a direct relation to the matters at issue.'" *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir.2002) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir.1992)).  Defendant asks the Court to take judicial notice of prior proceedings in King County District Court.  *See* Dkt. 4-1.  Plaintiff admits the facts as stated by Defendant in its Motion to Dismiss and admits authenticity of the documents attached thereto.  Dkt. 8 at 1.  Because the state court proceedings have a clear and direct relation to the matters at issue, the Court takes judicial notice of them.

Plaintiff here has alleged a violation of 15 U.S.C. § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  The FDCPA is a strict liability statute that "makes debt collectors liable for violations that are not knowing or intentional." *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir. 2010).  The statute provides an exception to strict liability, however, "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692k.

Under Washington law, neither person in a marriage is liable for the debts of the other incurred before marriage.  RCW 26.16.200.  Here, Teresa Jean Smith had incurred a debt *prior* to her marriage to Plaintiff.  Therefore, Plaintiff did not owe any amount to Defendant.  Defendant thus made a false representation when it stated that Plaintiff owed $3,442.54 in unpaid medical bills.  Dkt. # 4-5 at 3.  Defendant also falsely stated in its complaint that "[d]uring all material times [Teresa Jean Smith and John Doe Smith] were and are married," to justify the imposition of the debt on both Plaintiff and his wife.  Dkt. # 4-2 at 3.

ORDER - 4

      Defendant argues the Plaintiff's claim is baseless because Defendant "never filed suit against [Plaintiff] Persilver" (Dkt. 4 at 2) because "[t]he collection lawsuit does not name Ulysses Persilver (*id.* at 4). The Court disagrees. As noted above and summarized here, Defendant took several actions to file suit against both the debtor and Plaintiff: (1) Defendant identified Plaintiff (as the husband of Teresa Jean Smith) and named him (albeit using a placeholder of "John Doe Smith"[1]) as a defendant in the complaint (Dkt. # 4-2 at 3); (2) Defendant provided justification to the court as to why Plaintiff should be a defendant in the collection lawsuit (namely that debtor and Plaintiff were married "[d]uring all material times" and the obligation was thus "the community and separate obligation of each" (*id.*); and (3) Defendant served both the debtor *and* her husband with the complaint (Dkt. # 4-3 at 1). The court's dismissal of Mr. Persilver as a defendant confirmed—if there was a doubt—that he was indeed a defendant in the collection lawsuit. Dkt. # 4-6 at 2. Defendant's argument that it did not file suit against Plaintiff fails.

      The R&R states that "whether a certain debt is a community obligation is a fact-specific determination for a court to make," (Dkt. 11 at 5) citing *Harper v. Collection Bureau of Walla Walla, Inc.*, where the dispute was over a debt incurred while the parties were married but separated. No. C06-1605-JCC, 2007 WL 4287293, at *1 (W.D. Wash. Dec. 4, 2007). Here, there is no question of a community obligation to resolve: because Plaintiff and Teresa Jean Smith were not married at the time the debts were incurred,

---

[1] Defendant contends, without citing any authority, that the use of "John Doe Smith" as a placeholder "is customary when the identity or existence of a partner in a marital community state is unknown," and has "a long and storied tradition dating back to English common law." Dkt. 4 at 4. Even assuming this to be the case, the debt collector is still bound by the FDCPA and, as such, is prohibited from making false representations in the collection of debt, such as alleging individuals owe money when they do not. Defendant could have determined whether the debtor was married and whether the debt incurred *after* the debtor was married through a review of public marriage records.

ORDER - 5

Washington law clearly dictates that Plaintiff is not accountable for them.  *See* RCW 26.16.200.  Thus, *Harper* does not apply to the matter at hand.

Based on the facts alleged, Defendant does not meet its burden to prove that the complaint fails to state a claim upon which relief can be granted.

### IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss for Failure to State a Claim.  The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

Dated this 10th day of August, 2020.

The Honorable Richard A. Jones
United States District Judge